**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50752 c/w
No. 04-50753
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR VEGA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:95-CR-539-5-FM &
USDC No. 3:04-CR-139-ALL-FM
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Hector Vega appeals from both
(1) his guilty-plea conviction and sentence for possession of
more than five kilograms of cocaine with intent to distribute and
possession of more than five kilograms of cocaine with intent to
distribute, in violation of 21 U.S.C. §§ 846 and 841 (No. 04-
50753), and (2) the order revoking his supervised-release term
imposed as part of his sentence for a 1996 guilty-plea conviction
of possession of marijuana with intent to distribute and the 12-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

month-and-one-day prison term imposed for such revocation (No. 04-50752). Pursuant to 21 U.S.C. § 841(b)(1)(A), Vega was sentenced to a statutory mandatory minimum prison term of 20 years for the conspiracy and cocaine-possession convictions, and, in the same sentencing proceeding, he was sentenced to a consecutive prison term of 12 months and one day for the revocation of his supervised release.

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Vega contends that, with respect to the convictions in No. 04-50753, he "does not have the required 'aggravated circumstances' aspect in the prior convictions listed" in his Presentence Report so as to warrant the mandatory minimum term, apparently because he does not have a prior conviction of a "crime of violence." Vega is wrong, because 21 U.S.C. § 841(b)(1)(A) prescribes a mandatory minimum prison term of 20 years for a defendant like Vega, whose offense involved more than five kilograms of cocaine and who had a "prior conviction for a felony drug offense" that had "become final." In Blakely, the Supreme Court held that "the 'statutory maximum' for Apprendi[ v. New Jersey, 530 U.S. 466 (2000)] purposes is the maximum sentence a judge may impose solely on the basis of facts . . . admitted to by the defendant." Blakely, 124 S. Ct. at 2537 (emphasis in original). Blakely is inapplicable here, because Vega admitted at his plea proceeding that he faced

a mandatory minimum term of 20 years because of his 1996 felony drug conviction.[2]

In challenging the sentence imposed for the revocation of his supervised release, in No. 04-50752, Vega asserts that, "because of the [sentencing] calculations taken into account on his criminal history and offense level status" in connection with the 1996 conviction, "too much weight was placed on an attempted murder charge that was ultimately dismissed," at a time when Vega was only 17 years old. In imposing the 12-months-and-one-day sentence for the revocation, however, the district court made no reference to the attempted-murder charge. Vega's challenge to his revocation sentence is simply not supported by the record.

We AFFIRM the conviction and sentence in No. 04-50753 and order revoking supervised release and sentence in No. 04-50752.

AFFIRMED.

---

[2] Similarly, the recent United States v. Booker, 125 S. Ct. 738 (2005), which extended the Blakely holding to the federal sentencing guidelines, has no bearing on Vega's sentencing contention.